UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

RONALD SALERNO,

                        Plaintiff,

    -against-                                      1:08-CV-0787 (LEK/DRH)

PRUDENTIAL INSURANCE COMPANY
OF AMERICA,

                        Defendant.

**MEMORANDUM-DECISION AND ORDER**

Plaintiff Donald C. Salerno ("Plaintiff" or "Salerno") commenced this action against Defendant Prudential Insurance Company of America ("Defendant" or "Prudential") pursuant to § 504(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), challenging the denial of long-term disability ("LTD") benefits under Group Policy number 16171 (the "Plan"). See generally Amended Complaint (Dkt. No. 4). Presently before this Court is Defendant's Motion for judgment on the pleadings seeking dismissal of the Amended Complaint in its entirety. (Dkt. No. 17). For the reasons discussed below, Defendant's Motion is granted and Plaintiff's Amended Complaint is dismissed.

**I.    BACKGROUND**

Plaintiff was employed by Prudential Securities, Inc. ("PSI") from May 1, 1992 through April 30, 1994. Am. Compl. ¶ III.C; Answer ¶ 7 (Dkt. No. 9). As an employee of PSI, Plaintiff was covered for LTD benefits under the Plan, which was issued by Defendant to PSI. Id. at ¶ 7; see

1

Answer, Ex. A. Although PSI initially hired Plaintiff to work as director of a training facility from May 1992 until May 1994, PSI relieved him of his duties after twenty-eight (28) days of work. Pl.'s Memo. of Law in Opp'n at 2 (Dkt. No. 22). Nevertheless, PSI continued to compensate Plaintiff in accordance with his employment contract through the termination of the contract on April 30, 1994. Id. Plaintiff's coverage under the Plan also continued until the termination of his employment contract. Id.; Answer ¶ 7.

Under the Plan, covered individuals suffering from a long period of total disability[1] are eligible for LTD benefits, provided a proper claim pursuant to the terms and conditions of the Plan had been filed. Answer, Ex. A. The Plan provides, in relevant part:

> **CLAIM RULES**
>
> These rules apply to payment of benefits under a Coverage when the

---

[1] According to the terms of the Plan, "total disability" exists when Prudential determines that all of these conditions are met:

(1) Due to Sickness or accidental injury, both of these are true:

    (a) You are not able to perform, for wage or profit, the material and substantial duties of your occupation

    (b) After the Initial Duration of a period of Total Disability, you are not able to perform for wage or profit the material and substantial duties of any job for which you are reasonably fitted by your education, training or experience. The Initial Duration is shown in the Schedule of Benefits.

(2) You are not working at any job for wage or profit.

(3) You are under the regular care of a Doctor.

Answer, Ex. A.

Coverage states that they do.

**Notice of Claim:** This paragraph applies only to Employee Long Term Disability Coverage. Prudential must be given written notice that a claim will be made. The notice must be given to Prudential within 30 days after the end of the Elimination Period (defined in the Coverage). But, Failure to meet that time limit will not make the claim invalid if the notice if given as soon as reasonably possible. The notice may be given by you or for you. It must show your name, the Employer's name and the Group Contract Number.

**Proof of Loss:** Prudential must be given written proof of the loss for which claim is made under the Coverage. This Proof must cover the occurrence, character and extent of that loss. It must be furnished within 90 days after the date of the loss, except that:

(1) If the Coverage is Employee Long Term Disability Coverage, both of these time limits must be met:

    (a) Initial proof of loss must be furnished within 90 days after the end of the first month following the Elimination Period.

    (b) Proof for each later month of continuing loss must be furnished within 90 days after the end of that month.

(2) If any other Coverage provides for periodic payment of benefits at monthly or shorter intervals, the proof of loss for each period must be furnished within 90 days after its end.

(3) If payment under a Coverage is to be made for charges incurred during a Calendar Year, the proof for that Calendar year must be furnished within 90 days after its end.

A claim will not be considered valid unless the proof is furnished within these time limits. However, it may not be reasonably possible to do so. In that case, the claim will still be considered valid if the proof is furnished as soon as reasonably possible.

**Legal Action:** No action at law or in equity shall be brought to recover on the Group Contract until 60 days after written proof described above is

> furnished. No such action shall be brought more than three years after the end of the time within which proof of loss is required.
>
> **Elimination Period:** For each period of Total Disability due to Sickness or accidental Injury, a period extending from the start of the period of Total Disability to the earlier of (a) and (b):
>
> (a) The end of the first 26 weeks of continuous Total Disability
>
> (b) The date, during that continuous Total Disability, on which you exhaust your maximum benefits for a period of total disability under the "Basic Loss of Time Coverage."

Answer, Ex. A.

Plaintiff became disabled and entitled to LTD benefits under the Plan in 1992 when he was diagnosed with bipolar disorder. Am. Compl. ¶ III.C. Prudential received Plaintiff's application for benefits under the Plan on May 17, 2004. Answer ¶ 7 and Ex. B. On January 7, 2005, Plaintiff's application for LTD benefits was denied based upon his failure to provide timely proof of loss pursuant to the terms and conditions of the Plan and to provide the relevant documentation supporting a disabling condition while Plaintiff was covered under the Plan. Id. ¶ 5 and Ex. A. By letter dated May 25, 2005, Plaintiff appealed Prudential's initial determination that Plaintiff was not entitled to LTD benefits. Id. ¶ 7. On August 12, 2005, Prudential denied Plaintiff's appeal and upheld the denial of LTD benefits based upon the conclusion that Plaintiff submitted his claim well past the time frame for proof of loss submissions. Id.; Def.'s Mem. in Supp., Ex. A (Dkt. No. 17). On February 3, 2006, Plaintiff submitted a second appeal, which Prudential denied by letter dated March 7, 2006. Id. Again, Prudential based its denial upon Plaintiff's failure to provide timely proof of loss and the absence of medical information to support a disabling condition during the

4

period of time that Plaintiff was a covered individual under the Plan.  Id.

On July 28, 2008, Plaintiff commenced this action under § 504(a)(1)(B) of ERISA, challenging the denial of his LTD benefits under the Plan.  See Am. Compl. ¶ II.B.  On October 24, 2008, Defendant filed its Answer denying that Prudential wrongly withheld LTD benefits from Plaintiff and maintaining that all claims submitted by Plaintiff to Prudential had been processed and reviewed in a manner consistent with the terms of the Plan and applicable law.  Answer ¶ 7.

On January 1, 2009, Defendant filed this Motion for judgment on the pleadings.  Dkt. No. 15.  In this Motion, Defendant contends that Plaintiff's underlying LTD claim and the present suit are time-barred as a matter of both law and equity as a result of Plaintiff's failure to provide timely notice of his claim and proof of loss pursuant to the terms of the Plan and by the three-year statute of limitations contained in the Plan.  Def.'s Mem. in Supp. at 1 (Dkt. No. 16).  Plaintiff filed his Memorandum of law in opposition to Defendant's Motion for judgment on the pleadings on March 26, 2009, contending that his claim was not barred by the Plan's limitations periods because he submitted his notice of claim and proof of loss "as soon as reasonably possible" and the statute of limitations had not yet expired.  Dkt. No. 22.  Defendant subsequently filed its reply on April 8, 2008.  Dkt. No. 23.

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings."  FED. R. CIV. P. 12(c). The standard of review for a motion for judgment on the pleading is the same as that for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  See City of New York v. Beretta U.S.A. Corp., 524 F.3d 384, 392 (2d Cir. 2008); Cleveland v. Caplaw Enters., 448 F.3d 518, 521

5

(2d Cir. 2006); DeMuria v. Hawkes, 328 F.3d 704, 706 n.1 (2d Cir. 2003).  In order to withstand a motion for judgment on the pleadings, like a motion to dismiss, a complaint must contain "[f]actual allegations . . . [that] raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The Court must accept the allegations in the well-pleaded complaint as true, Albright v. Oliver, 510 U.S. 266, 268 (1994), and draw all inferences in favor of the non-moving party.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1973); Global Network Commc'ns, Inc. v. City of New York, 458 F.3d 150, 154 (2d Cir. 2006); King v. Am. Airlines, Inc., 284 F.3d 352, 356 (2d Cir. 2002).

In assessing the legal sufficiency of the claim, the Court is mindful that Salerno is a *pro se* litigant and his submissions are subject to "less stringent standards than formal pleadings drafted by lawyers."  Hughes v. Rowe, 449 U.S. 5, 9 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)).  The Court must "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments they suggest.'"  McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999); see Ortiz v. McBride, 323 F.3d 191 (2d Cir. 2003).  However, a plaintiff's *pro se* status "does not exempt [him] from compliance with relevant rules of procedural and substantive law."  Traguth v. Zuck, 710 F.2d 90, 92 (2d Cir. 1983).

In deciding a motion for judgment on the pleadings, a court is not solely restricted to those facts alleged in the complaint.  See Pantene v. Clark, 508 F.3d 106, 112 (2d Cir. 2007).  "Documents that are attached to the complaint or incorporated in it by reference are deemed part of the pleading and may be considered."  Roth v. Jennings, 489 F.3d 499, 509 (2d Cir. 2007) (citing Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 71 (2d Cir. 1998)); see Hirsch v. Arthur Andersen and Co., 72 F.3d 1085, 1092 (2d Cir. 1995) (in ruling on a motion to dismiss, the Court

6

"may consider all papers and exhibits appended to the complaint, as well as any matters of which judicial notice may be taken."). "[E]ven if not attached or incorporated by reference, a document 'upon which [the complaint] solely relies and which is integral to the complaint' may be considered by the court in ruling on such a motion." Roth, 489 F.3d at 509 (citing Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir.1991)).

### III. DISCUSSION

#### A. Notice of Claim and Proof of Loss

It is well-settled that the documents outlining the terms of an ERISA plan constitute a written contract. See Curtiss-Wright Corp. v. Schoonejongen, 514 U.S. 73, 83 (1995). Accordingly, it is proper to apply contract principles when interpreting an ERISA plan. See Lifson v. INA Life Ins. Co. of New York, 333 F.3d 349, 353 (2d Cir. 2003). "[U]nambiguous language in an ERISA plan must be interpreted and enforced in accordance with its plain meaning." Aramony v. United Way Replacement Benefit Plan, 191 F.3d 140, 149 (2d Cir. 1999).

New York law provides that an insured individual has an obligation to comply with the notice of claim provisions of an insurance policy. See State of New York v. Blank, 27 F.3d 783, 793 (2d Cir. 1994). Accordingly, under New York law, the insured's failure to provide timely notice of claim to its insurer is generally a complete defense to coverage, regardless of whether the insurer was prejudiced by the untimely notification. See Am. Home Assurance Co. v. Int'l Ins. Co., 90 N.Y.2d 433, 440 (N.Y. 1997); Green Door Realty Corp. v. TIG Ins. Co., 329 F.3d 282, 287 (2d Cir. 2003); Utica Mut. Ins. Co. v. Fireman's Fund Ins. Co., 748 F.2d 118, 121 (2d Cir. 1984). An insurance policy stating that notice of claim must be given "as soon as practicable . . . requires that notice be given within a reasonable time under all the circumstances." Sec. Mut. Ins. Co. v. Acker-

Fitzsimons Corp., 31 N.Y.2d 436, 441 (N.Y. 1972); Olin Corp. v. Ins Co. of N. Am., 966 F.2d 718, 723 (2d Cir. 1992). The question of whether a delay in filing the notice of claim is reasonable "is a question of fact for the jury, but . . . a delay may be unreasonable as a matter of law when either no excuse is advanced or a proffered excuse is meritless." Olin, 966 F.2d at 723; Blank, 27 F.3d at 795. The insured bears the burden of proving his delayed notice of claim was reasonable. Olin, 966 F.2d at 723.

The clear and unambiguous terms of the Plan provide that in order to be eligible for LTD benefits, written notice of claim was required to be submitted within thirty (30) days after the end of the Elimination Period or as soon as reasonably possible. See Answer, Ex. A at 20. The initial proof of loss was required to be submitted within ninety (90) days after the end of the first month following the Elimination Period or as soon as reasonably possible to do so. Id.

Even when reviewed in the light most favorable to Plaintiff, Salerno's notice of claim and proof of loss submissions were clearly outside the time period set forth in the Plan. Plaintiff's employment contract with PSI and his coverage under the Plan terminated on April 30, 1994. Answer ¶ 7. Plaintiff failed to submit his notice of claim and proof of loss until May 17, 2004. Id. at Ex. B. It is undisputed that Plaintiff failed to submit both his notice of claim within thirty (30) days following the Elimination Period and his proof of loss within ninety (90) days after the end of the first month following the elimination period. Pl.'s Mem. in Opp'n at 8-9; Answer ¶ 7 and Ex. A. In addition, the Court concludes, as did Prudential in Plaintiff's administrative appeal process, that Plaintiff failed to submit his notice of claim and proof of loss as soon as reasonably possible to do so. See Sed.'s Mem. in Supp., Ex. A.

Plaintiff's argument that the timing of his submissions did not render his claim for LTD

8

benefits invalid is meritless.  Notwithstanding that Plaintiff waited approximately ten years following the termination of his coverage under the Plan to apply for LTD benefits, he maintains that his notice of claim and proof of loss submissions were timely because, in accordance with the Plan's Claim Rules, he submitted notice of claim and proof of loss as soon as reasonably possible "considering the circumstances of his mental disability and the conduct of PSI.  Pl.'s Mem. in Opp'n at 8.  The surrounding circumstances, however, indicate that Plaintiff's proffered explanation for his ten year delay in making his submissions to Prudential should not be credited.  While the Court recognizes that Plaintiff suffered from various health issues, such as his bipolar disorder diagnosis in 1992 and his subsequent psychological evaluations and hospital visits, the record indicates that Plaintiff had ample time and resources to enable him to submit a claim to Prudential prior to May 2004.  See Am. Compl. ¶ III. C.; Pl.'s Mem. in Opp'n at 9; Reply at 2.  By his own admission, Plaintiff hired legal counsel to pursue a disability claim against Prudential as early as 1995, yet failed to submit his notice of claim and proof of loss until 2004.  See Def.'s Mem. in Supp., Ex. A; Reply at 2.  As Plaintiff offers no plausible explanation for his delayed submissions to Prudential, the Court concludes that he has not met his burden of proving the reasonableness of his delayed notice of claim and proof of loss.

Enforcing the clear and unambiguous terms of the Plan's Claim Rules, Plaintiff's submissions to Prudential were untimely.  See Strum v. Siegal Fenchel & Peddy P.C. Profit Sharing Plan, 497 F.3d 234, 244 n. 6 (2d Cir. 2007) ("unambiguous language in an ERISA policy must be interpreted and enforced in accordance with its plain meaning") (internal quotations and citations omitted).  The Plan explicitly conditioned Plaintiff's right to LTD benefits on timely submission of notice of claim and proof of loss.  See Answer, Ex. A at 20.  Contrary to Plaintiff's assertion, the

Court finds that Plaintiff did not submit his notice of claim and proof of loss as soon as reasonably possible. Consequently, the fact that his notice of claim and proof of loss submissions were untimely by more than ten years is fatal to his ERISA claim. See Green Door Realty, 329 F.3d at 287 (stating that an insured's failure to submit timely notice of claim to its insurer is a complete defense to coverage under the insurance policy); see also Falco v. Unum Provident Corp., No. 2:04-cv-04540, 2007 WL 1014568, at *6 (E.D.N.Y. Mar. 30, 2007) (plaintiff's failure to submit timely written proof of loss was fatal to his ERISA claim, as a matter of law). Accordingly, Plaintiff's Amended Complaint must be dismissed because it is time-barred by his untimely filing of notice of claim and proof of loss to Prudential.

### B.     Statute of Limitations

Even assuming *arguendo* that Plaintiff timely filed notice of claim and proof of loss, his suit is barred by the applicable statute of limitations period. Because ERISA does not contain a statute of limitations for suits under 29 U.S.C. § 1132, "the controlling limitations period is that specified in the most nearly analogous state limitations statute." Miles v. New York State Teamsters Conference Pension and Ret. Fund Employee Pension Benefit Plan, 698 F.2d 593, 598 (2d Cir. 1983); Guilbert v. Gardner, 480 F.3d 140, 148 (2d Cir. 2007). In New York the six year period for breach of contract claims governs claims for denial of benefits under ERISA. Miles, 698 F.2d at 589; Burke v. PriceWaterhouseCoopers LLP Long Term Disability Plan, No. 08-1611-cv, 2009 WL 1964972, at *1 (2d Cir. July 9, 2009); see N.Y. C.P.L.R. § 213. However, New York permits parties to a contract to agree upon a limitations period shorter than that prescribed by statute. See N.Y. C.P.L.R. § 201. Accordingly, where a benefits plan provides a limitations period shorter than six years, the contractual period governs. See Burke, 2009 WL 1964972, at *1. Moreover, in light

of the basic principle of contract law that "[a] court may [] [not] rewrite, under the guise of interpretation, a term of the contract when the term is clear and unambiguous," Cruden v. Bank of N.Y., 957 F.2d 961, 967 (2d Cir. 1992), courts must adhere to the accrual date as set forth in an ERISA plan, even if the limitations period begins to run before an individual can bring a legal action.  See, e.g., Burke, 2009 WL 1964972, at *2.

Enforcing the clear and unambiguous language of the Plan's limitations period for all legal actions, Plaintiff's cause of action is untimely because it was brought after the expiration of that limitations period.  The Plan clearly provides that no action may be brought more than three years after the end of the time within which proof of loss is required.  Def.'s Mem. in Supp. at 4; See Answer, Ex. A at 20.  As previously discussed, Plaintiff's initial proof of loss was required to be submitted within ninety (90) days after the end of the first month following the Elimination Period or as soon as reasonably possible.  See Answer, Ex. A at 20.  According to the terms of the Plan, the limitations period for Plaintiff's ERISA claim began to run from the deadline to submit proof of loss.  See Burke, 2009 WL 1964972, at *1 (rejecting proposition that ERISA plan limitations period accrues upon exhaustion of administrative remedies in favor of enforcing the clear and unambiguous limitations provisions set forth in the ERISA plan, which prohibited individual from bringing legal action more than three years after the time within which proof of loss was required to be submitted, even though limitations period began to run before individual could bring suit in federal court).  As Plaintiff's proof of loss was untimely by over ten years, Plaintiff's commencement of the instant action in July 2008 clearly falls outside the Plan's three year limitations provision.  Accordingly, Plaintiff's action must be dismissed.

**IV.     CONCLUSION**

Based on the foregoing discussion, it is hereby

**ORDERED**, that Defendant's Motion for judgment on the pleadings (Dkt. No. 15) is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's Amended Complaint (Dkt. No. 4) is **DISMISSED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED**.

DATED:	August 03, 2009
	Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge